PRICE LAW GROUP, APC
Stuart M. Price (SBN 150439)
15760 Ventura Boulevard, Suite 800
Encino, California 91436
Telephone: 818.907.2030
Facsimile: 818.205.3730
Stuart@pricelawgroup.com

Attorney for Plaintiffs
AARON AND RENEE HAMASAKI

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON HAMASAKI<br><br>AND<br><br>RENEE HAMASAKI<br><br>　　　　　　Plaintiffss,<br>vs.<br><br>CITI BANK N.A., a corporation;<br>and DOES 1 to 10, inclusive,<br><br>　　　　　　Defendant(s). | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**1. TCPA, 47 U.S.C. § 227**<br>**2. Cal Civ. Code § 1788**<br><br>(Unlawful Debt Collection Practices)<br><br>Demand Exceeds $10,000 |

### **COMPLAINT FOR DAMAGES**

### I.　　INTRODUCTION

1.　　Aaron and Renee Hamasaki ("Plaintiffs") bring this action against Citi Bank, N.A. ("Defendant") for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment.  Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC"), as well as the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibit creditors

from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## II.   JURISDICTION

2. Jurisdiction of this court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

3. Venue and personal jurisdiction in this District are proper because Plaintiffs reside in this District, Defendant's collection communications were received by Plaintiffs within this District and Defendant does or transacts business within this District.

## III.   PARTIES

4. Plaintiffs are natural persons residing in Irvine, Orange County, California 92602.

5. Plaintiffs are natural persons from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person. Thus, Plaintiffs are a "debtor" as defined by the RFDCPA, CAL. CIV. CODE § 1788.2(h). 7.

6. Upon information and belief, defendant Citibank, North America, is located in New York, New York County, New York and can be served with process by serving the Office of the President, Citibank N.A., located at 399 Park Avenue, New York, NY 10043.

7. Upon information and belief, the telephone numbers (800) 733-1116; (859) 309-5128; (423) 477-2488; and (877) 437-1985 all belong to Defendant.

8. In the ordinary course of business, regularly, on behalf of itself or others, Defendant engages in debt collection. Thus, Defendant is a "debt collector" as defined by the RFDCPA, CAL. CIV. CODE § 1788.2(c) and by the FDCPA, 15 U.S.C. § 1692a(6). Defendant regularly engages in the collection of debt by telephone in several states including, California.

9. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

10. When an unpaid, outstanding account is placed with Defendant it is assigned an account number.

11. A principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

12. Within the last year, Defendant attempted to collect on consumer debt(s) from Plaintiffs.

13. The debt(s) that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

15. During the course of its attempts to collect debts, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

17. The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiffs, who therefore sues them by such fictitious names.  Plaintiffs will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

//
//
//
//

## IV. FACTUAL ALLEGATIONS

18. Defendants are attempting to collect alleged consumer debts from Plaintiffs.

19. Plaintiffs' alleged debts are money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction, which qualifies as "consumer debt," as defined by RFDCPA, CAL. CIV. CODE § 1788.2(f), as well as the FDCPA 15 U.S.C. 1692a.

20. Upon information and belief, defendant is the financial institution for several accounts held by Plaintiffs.

21. Defendant is listed as the creditor on all written communication regarding several accounts held by Plaintiffs.

22. All of the accounts listed herein are related to Defendant and as mentioned in paragraph 6 above, appear to be owned or controlled by the same entity and are located at the same physical address.

23. Between August 2015 and October 23, 2015, Defendant caused Plaintiffs' cellular telephone numbers (714) 504-5615 and (760) 519-2475 to ring repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

24. On September 25, 2015 at 3:19pm, Plaintiff Aaron Hamasaki ("Aaron") received a phone call from telephone number (423) 477-2488.  Plaintiff Aaron answered the call and unequivocally revoked consent to be contacted on his cellular phone.

25. When Plaintiff Aaron answered the phone, he heard a pause before the agent began to speak, indicating use of an automatic telephone dialing system.

26. The telephone number (423) 477-2488 belongs to Citibank, and upon information and belief, the calls were made in an attempt to collect on an Account.

27. Approximately one hour after asking Citibank to cease calling him on his cellular telephone, at 4:20pm on September 25, 2015, Plaintiff Aaron received another call from Citibank on his cellular telephone.  Plaintiff Aaron answered this call, from telephone number (859) 309-5128, and again unequivocally revoked consent to be contacted on his cellular phone.

28. When Plaintiff Aaron answered the phone, he heard a pause before the agent began to speak, indicating use of an automatic telephone dialing system.

29. The telephone number (859) 309-5128 belongs to Citibank, and upon information and belief, the calls were made in an attempt to collect on an Account.

30. On October 7, 2015 at 9:56am, Plaintiff Aaron received a call from telephone number (877) 437-1985.  Plaintiff Aaron answered the call and unequivocally revoked consent to be contacted on his cellular phone for the third time.

31. When Plaintiff Aaron answered the phone, he heard a pause before the agent began to speak, indicating use of an automatic telephone dialing system.

32. The telephone number (877) 437-1985 belongs to Citibank, and upon information and belief, the calls were made in an attempt to collect on an Account.

33. On October 9, 2015 at 9:56am, Plaintiff Aaron received a call from telephone number (800) 733-1116.  Plaintiff Aaron answered the call and unequivocally revoked consent to be contacted on his cellular phone for the fourth time.

34. When Plaintiff Aaron answered the phone, he heard a pause before the agent began to speak, indicating use of an automatic telephone dialing system.

35. The telephone number (800) 733-1116 belongs to Citibank, and upon information and belief, the calls were made in an attempt to collect on an account.

36. After the September 25, 2015 call, Plaintiff Aaron received no less than seventy (70) additional calls from telephone numbers (800) 733-1116; (859) 309-5128; (423) 477-2488; and (877) 437-1985 from September 25, 2015 through October 23, 2015.

37. Upon information and belief, the telephone numbers (800) 733-1116; (859) 309-5128; (423) 477-2488; and (877) 437-1985 belong to Defendant.

38. On October 18, 2015, Plaintiff Renee Hamasaki ("Renee") received a telephone call to her cellular telephone from number (800) 733-1116.  Plaintiff Renee answered her cellular phone and unequivocally revoked consent to be called.

39. Defendant continued to contact Plaintiff Renee no less than eighteen (18) additional times regarding her Citibank accounts between October 18, 2015 and October 23, 2015.

40. When Plaintiff Renee answered the October 18, 2015 collection call, Plaintiff Renee heard a pause before the agent began to speak, indicating that the calls originated from an automated telephone dialing system.

41. The purpose of the repeated phone calls was an attempt to collect an alleged debt.

42. Defendant is familiar with the FDCPA and RFDCPA.

43. Defendant's conduct as described above was intended to harass, coerce, and intimidate Plaintiffs into payment of the alleged debt, or to increase the amount Plaintiffs was willing to pay.

44. Defendant's conduct as described in detail above amounted to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

45. The approximately eighty-eight (88) phone calls placed from Defendant to Plaintiffs' cellular phones caused Plaintiffs extreme emotional distress and aggravation.

### V.   CAUSE OF ACTION

### COUNT I

**(Violations of the TCPA, 47 U.S.C. § 227)**

46. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

(a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other

than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

(b) Within four years prior to the filing of this action, on multiple occasions Defendant willfully and/or knowingly contacted Plaintiffs at Plaintiffs' cellular telephones using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowingly and/or willfully violated the TCPA.

48. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiffs is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiffs are entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

### DEFENDNAT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTES ACT, CAL. CIV. CODE § 1788)

49. Plaintiffs incorporate herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

50. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

     (i)     Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

     (ii)     Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692e by using false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

     (iii)     Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

51. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiffs to pay the alleged debt.

52. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiffs for declaratory judgment that Defendant's conduct violated the RFDCPA, actual damages, statutory damages, and attorney's fees and costs.

### VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Aaron and Renee Hamasaki respectfully request that judgment be entered against Defendant for the following:

(a) Actual damages pursuant to CAL. CIV. CODE § 1788.30(a); and

(b) Statutory damages of $1,000.00 pursuant to CAL. CIV. CODE § 1788.30(b); and

(c) Costs and reasonable attorney's fees pursuant to CAL. CIV. CODE § 1788.30(c); and

(d) Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

(e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and

- 8 -
COMPLAINT FOR DAMAGES

(f) For such other and further relief as the Court may deem just and proper.

## VII. DEMAND FOR JURY TRIAL

Please take notice that Plaintiffs demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: January 22, 2016                    PRICE LAW GROUP, APC


By: /s/ Stuart M. Price

Stuart M. Price (SBN 150439)
**Attorney for Plaintiffs**
**Aaron and Renee Hamasaki**